Filed 2/15/23  P. v. Hoyt CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080939 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS317747) |
| ANTOINETTE HOYT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Marcella O. McLaughlin, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Antoinette Hoyt entered into a plea agreement in which she pleaded guilty to attempted pandering (Pen. Code,[1] §§ 664/266i, subd. (a)(2); count 2), assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 6), and misdemeanor petty theft (§ 484; count 8).  The parties

---

[1] All further statutory references are to the Penal Code.

stipulated to a sentence of three years and eight months, such sentence to be suspended and Hoyt granted probation for two years. The court suspended sentence and granted probation.

Hoyt was later charged with violating probation. She admitted the violation and waived custody credits and was reinstated on probation.

Hoyt was again revoked on probation. The court declined to reinstate her to probation and executed the previously suspended sentence. The court considered and then rejected a defense request to sentence Hoyt pursuant to section 1170, subdivision (b)(6).

Hoyt filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Hoyt the opportunity to file her own brief on appeal, but she has not responded.

DISCUSSION

Appellate counsel's *Wende* brief includes a reference to possible, but not arguable issues consistent with *Anders v. California* (1967) 386 U.S. 738 (*Anders*). These possible issues were considered in evaluating the potential merits of this appeal:

1. Did the trial court abuse its discretion by refusing to reinstate Hoyt on probation?

2. Did the court err in imposing the middle term in light of section 1170, subdivision (b)(6)?

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Hoyt on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


DO, J.


BUCHANAN, J.